```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   For Online Publication Only
COPPERWOOD CAPITAL LLC,
                                                                          ORDER
                    Plaintiff,                                            19-CV-6566 (JMA)(ARL)

           -against-
                                                                          FILED
                                                                          CLERK
COVENTINA CONSTRUCTION
a/k/a COVENTINA CONSTRUCTION CORP.,                                       1/4/2021 10:44 am

                                                                          U.S. DISTRICT COURT
                    Defendant.                                            EASTERN DISTRICT OF NEW YORK
                                                                          LONG ISLAND OFFICE
----------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff Copperwood Capital LLC ("Plaintiff") for default judgment against defendant Coventina Construction a/k/a Coventina Construction Corp. ("Defendant"). For the reasons stated herein, Plaintiff's motion is **GRANTED**.

## I. DISCUSSION

### A. Defendant Defaulted

Defendant was properly served in the action, but has not appeared, answered, or responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. The Court finds that the allegations in the complaint are sufficient to establish Defendant's liability.

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that the Donahue Affidavit and accompanying exhibits establish damages to a reasonable certainty in the amount of $481,975.00 in damages, $61,915.64 in interest (calculated at an annual rate of 9%, or $118.84 per diem, from August 2, 2019 through the date of this Order), post-judgment interest provided by 28 U.S.C. § 1961, and $683.00 in costs.

## II. CONCLUSION

The Clerk of Court is respectfully directed to enter judgment against Defendant for $481,975.00 in damages, $61,915.64 in interest (calculated at an annual rate of 9%, or $118.84 per diem, from August 2, 2019 through the date of this Order), post-judgment interest provided by 28 U.S.C. § 1961, and $683.00 in costs. Plaintiff is also directed to serve a copy of this Order on Defendant and file proof of service on ECF within seven (7) days.

**SO ORDERED.**

Dated: January 4, 2021
       Central Islip, New York

                                   /s/ (JMA)
                                  JOAN M. AZRACK
                                  UNITED STATES DISTRICT JUDGE